**Guy SPENCE, Appellant,**

v.

**UTAH CONSTRUCTION COMPANY, Appellee.**

**No. 17228.**

United States Court of Appeals Ninth Circuit.

Aug. 14, 1961.

Hildebrand, Bills & McLeod, and John B. Kramer, Oakland, Cal., for appellant.

John B. Bates, G. H. Eckhardt, Jr., and Lewis H. Butler, San Francisco, Cal., Pillsbury, Madison & Sutro, San Francisco, Cal., of counsel, for appellee.

Before ORR, BARNES and HAMLEY, Circuit Judges.

PER CURIAM.

This case was disposed of in the trial court by the entry of summary judgment in favor of appellee. Our main inquiry, after taking into consideration all of the pleadings and supporting affidavits is, does it appear that a genuine issue as to a material fact remained in the case?

Appellant alleges that he and appellee, Utah Construction Company, entered into a written contract of employment; that the contract was entered into in San Francisco, California, and that his work was to be performed in East Pakistan. It is further alleged that he, appellant, journeyed to East Pakistan, entered into the employment and performed according to the terms of the contract. It is then alleged that he was unjustly discharged and suffered damages. Appellee denied generally the allegations and by amended answer affirmatively set up a contract of employment entered into

by appellant and Utah International, Inc., subsidiary of Utah Construction Co.

There appears in the record as Exhibit B, appellant's written acknowledgment of employment attached to an affidavit of appellee's project manager, E. V. Reeves. This acknowledgment, entered into between appellant and Utah-Pakistan, Inc., acting as hiring contractor for Utah International, Inc., expressly states that a formal contract of employment is to be entered into in East Pakistan. Appellant does not seriously dispute that his written acknowledgment of employment is the document upon which suit was brought. This being so, it then becomes apparent that the contract pleaded by appellee is the only contract entered into between the parties. Thus, there remains no genuine issue as to a material fact in the case.

 The contract of employment entered into between appellant and Utah International, Inc., contains a clause that all actions thereon shall be brought within one year. Appellant's action was not instituted within that time. Appellant argues that the limitation clause is not operative because his action is not brought on the contract but for damages for wrongful discharge, and the breach of the contract by appellee relieves appellant from further compliance with any of the terms of the contract, and hence all terms have lost their force and effect. Appellant has confused a valid and binding condition on his right of action with the admittedly extinguished duty of continued performance of employment.

■ Another contention is that appellee failed to comply with Rule 21 of the Rules of the United States District Court for the Northern District of California, West's Ann.Code. Appellee failed to serve upon appellant a copy of the District Court order granting leave to appellee to amend its answer so as to set up the defense of limitation. This contention is without merit because the order was orally pronounced in open court both parties being present, and was therein and thereat conditioned and

stipulated to be between the parties. Consequently, any formal omission was harmless.

The order for summary judgment and the entry thereof are affirmed.

Affirmed.